UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZAKARIA SHERIFF,<br>    Petitioner | ) <br> ) <br> ) | CIVIL ACTION NO. 4:18-cv-0144 |
| v. | ) <br> ) <br> ) | (BRANN, D.J.) <br><br> (ARBUCKLE, M.J.) |
| JEFFERSON BEAUREGARD<br>SESSIONS, III, *et al.*,<br>    Respondent | ) <br> ) <br> ) | |

## REPORT & RECOMMENDATION
(Doc. 22)

On March 15, 2017, Petitioner Zakaria Sheriff ("Petitioner") filed a petition for a writ of habeas corpus in the Third Circuit Court of Appeals seeking review an order of removal entered by the Board of Immigration Appeals on February 16, 2017. (Doc. 1). Petitioner requested that the Third Circuit Court of Appeals reconsider Petitioner's claim of derivative citizenship. Petitioner suggested that there was a genuine issue of fact as to whether Petitioner entered the United States to reside in the physical and legal custody of his father before Petitioner attained age eighteen (18).

On December 12, 2017, Petitioner filed his opening brief with the Third Circuit Court of Appeals and requested a transfer to District Court. (Doc. 6). At the time, Respondents agreed that there was a genuine issue of material facts due to conflicting birth certificates and agreed to a transfer to this Court. (Doc. 10). The case was assigned to me and set for non-jury trial to be held on November 26, 2018

(Doc. 14). A series of conferences and discovery motions were held (Docs. 10, 12, 13, 15, 20, 21).

Then, on November 6, 2018, the parties jointly filed a Motion for Consent Judgment. (Doc. 22). In that motion the parties assert that Petitioner has admitted and acknowledged that he cannot produce reliable evidence creating a genuine issue of material fact concerning his date of birth. *Id.* at 1-2. The Motion concludes by stating: "In light of the above facts which [Petitioner] concedes are true, and having fully discussed the case with his counsel, [Petitioner] agrees with the United Sates that a consent judgment that he has not met his burden of demonstrating U.S. citizenship is proper and, to avoid delay, uncertainty, inconvenience, and expense of further litigation, does not wish to further contest the issue of whether he is a U.S. citizen." *Id.* at 5.

Because there is no consent to proceed before a Magistrate Judge on the record, I recommend that the District Court Judge:

1. ADOPT the concurred Joint Motion from the parties; and
2. ORDER the Clerk of Court CLOSE this case.

Date: November 9, 2018                         BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| ZAKARIA SHERIFF, | ) | CIVIL ACTION NO. 4:18-cv-0144 |
| Petitioner | ) | |
| | ) | (BRANN, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| JEFFERSON BEAUREGARD | ) | |
| SESSIONS, III, *et al.*, | ) | |
| Respondent | | |

NOTICE OF RIGHT TO OBJECT
[LOCAL RULE 72.3]

**Any party may object to a magistrate judge's proposed findings,** recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within fourteen (14) days** after being served with a copy thereof. Such party **shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections** which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. **The briefing requirements set forth in Local Rule 72.2 shall apply.** A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Date: November 9, 2018

BY THE COURT
*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge